## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

PATRICK LORNE FARRELL,

   Plaintiff,

v.            Case No:   2:15-cv-20-FtM-29CM

FEDERAL NATIONAL
MORTGAGE ASSOCIATION,
BANK OF AMERICA, IMPAC
FUNDING, WELLS FARGO BANK
NA, OCWEN LOAN SERVICING,
PINNACLE FINANCIAL,
ROBERTSON ANSCHUTZ,
CHRISTIAN W. HANCOCK,
MONICA WILSON and NATHAN
SCHWARTZ,

   Defendants.

_____

## ORDER

   Before the Court are the following motions: Plaintiff's Affidavit and Motion for Default against Defendant Federal Home Mortgage Association (Doc. 15), filed on February 2, 2015; Plaintiff's Affidavit and Motion for Default Judgment against Defendant Bank of America (Doc. 16), filed on February 2, 2015; Defendant, Federal National Mortgage Association's Motion for Extension of Time to Respond [to] Complaint and to Substitute Counsel (Doc. 22), filed on February 12, 2015; and Defendant Bank of America, N.A.'s Motion to Quash Service of Process (Doc. 25), filed on February 17, 2015.

## I.   Background

Plaintiff Patrick Lorne Farrell filed a Complaint and Request for Declaratory Judgment in the Twentieth Judicial Circuit Court, in and for Lee County, Florida on December 16, 2014, alleging that various civil RICO violations were committed by the named Defendants in connection with loans Plaintiff apparently obtained to purchase a home in Cape Coral, Florida.   Doc. 2.   The case was removed to this Court on January 15, 2015.   Doc. 1.   Defendants Impac Funding, Wells Fargo Bank, N.A., Ocwen Loan Servicing, Christian Hancock and Monica Wilson filed a Joint Motion to Dismiss Plaintiff's Complaint and Request for Declaratory Judgment (Doc. 11) on January 22, 2015, which remains pending.   Plaintiff, in turn, filed a Motion to Strike Removal to Federal Court (Doc. 14) on February 2, 2015, which also remains pending.

## II.   Discussion

### a.   *Plaintiff's Affidavit and Motion for Default against Defendant Federal Home Mortgage Association (Doc. 15)*

Rule 55(a), Federal Rules of Civil Procedure, states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."   Similarly, Middle District of Florida Local Rule 1.07(b) provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ. P.

M.D. Fla. R. 1.07(b).   Prior to directing the Clerk to enter a default, the Court must first determine whether the Plaintiff properly effected service of process.   *Kelly v. Florida*, 233 Fed. Appx. 883, 884-85 (11th Cir. 2007); *United States v. Donald*, No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009).

Plaintiff's Affidavit fails to demonstrate that Defendant Federal National Home Mortgage Association properly was served in this matter.[1]   Thus, because the Court cannot determine that Defendant properly was served, as required by Rule 55(a), Federal Rules of Civil Procedure and Middle District of Florida Local Rule 1.07(b), Plaintiff's motion will be denied without prejudice.

> b. *Plaintiff's Affidavit and Motion for Default Judgment against Defendant Bank of America (Doc. 16) and Defendant Bank of America, N.A.'s Motion to Quash Service of Process (Doc. 25)*

Bank of America, N.A., asserts that it was not properly served because Plaintiff attempted to complete service by certified mail, but improperly addressed the summons to "Bank of America," included only one waiver request and did not include a prepaid method of compliance for waiver of service.[2]   Doc. 25 at 2.   Bank of America, N.A. further states that it has not waived service.   *Id.*

---

[1] Attached to the Notice of Removal is the state court Register of Actions, which states that as of December 17, 2014, summonses were issued as to all named Defendants, but that all were "[u]nserved."   Doc. 1-2 at 1.   The Register states that a response was received from Defendant Federal National Mortgage Association on January 12, 2015.   *Id.*   Upon review of the state court docket submitted in connection with the Notice of Removal, there does not appear to be returns of service or other documentation which demonstrates that Defendants properly were served.

[2] Counsel for Bank of America, N.A. filed a Notice of Limited Appearance for the sole purpose of contesting whether service was proper.   Doc. 21.

"'[W]hen service of process is challenged, the party on whose behalf service is made has the burden of establishing its validity.'" *Morris v. City of Orlando*, No. 6:10-cv-233-Orl-19GJK, 2010 WL 2836623, at *1 (M.D. Fla. July 19, 2010) (quoting *Familia De Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1139 (5th Cir. 1980)). Service on a corporation can be made by any manner accepted in the state or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]"   Fed. R. Civ. P. 4(h)(1)(A), (e)(1).   Section 48.081, Florida Statutes, provides a hierarchy for service of process upon a corporation.   A private corporation may be served by serving process on the president, vice president or other head of the corporation and, in the absence of any such persons, on other corporate employees, including any officer or director.   Fla. Stat. § 48.081(1)(a)-(d).   As an alternative, process may be served on a registered agent of the corporation or an employee of the registered agent.   *Id.* § 48.081(3)(a).   As courts in this district previously have explained, "[m]ailing is not 'delivering' under Federal Rule of Civil Procedure 4" and "service by certified mail does not constitute 'delivery' as generally required for service under Florida law." *Morris*, 2010 WL 2836623, at *2.   Thus, because Plaintiff failed to demonstrate that he properly effectuated service of process on Defendant Bank of America, N.A., Defendant's motion will be granted and service will be quashed.

Moreover, the Court also notes that Plaintiff requests default judgment as to Defendant Bank of America, N.A.   Doc. 16.   Because there has not yet been a Clerk's

default—which Plaintiff's failure to properly effectuate service precludes—Plaintiff is not entitled to a default judgment, pursuant to Local Rule 1.07(b) and Federal Rule 55(a).   *See, e.g.*, *Morris*, 2010 WL 2836623, at *1 ("Prior to seeking a default judgment pursuant to Federal Rule of Civil Procedure 55(b), a plaintiff must first obtain an entry of default pursuant to Federal Rule of Civil Procedure 55(a).") (citing Local Rule 1.07(b)).   Because the Court finds that Bank of America. N.A. was not properly served, Plaintiff's motion will be denied.

> c.  *Defendant, Federal National Home Mortgage Association's Motion for Extension of Time to Respond [to] Complaint and to Substitute Counsel (Doc. 22)*

Defendant Federal National Home Mortgage Association requests a fifteen day extension of the time for filing a response to Plaintiff's Complaint, and requests that attorney Wm. David Newman, Jr., of Choice Legal Group, be substituted as counsel of record for Defendant in this matter, replacing Jacqueline Powell, Esq., also of Choice Legal Group.   Doc. 22 at 1, 2.   As grounds for the extension, counsel for Defendant states that he was assigned to represent Defendant only recently, while out of the office attending to personal family matters.   *Id.* at 1.   Because he was not scheduled to return to the office until February 23, 2015, he asserts the brief extension is necessary.   The motion further states that due to the exigent nature of counsel's request for the extension he had not yet conferred with Plaintiff, as required by Local Rule 3.01(g), but that he would file a supplement to the motion after conferring with Plaintiff.   *Id.* at 2.   No such supplement has been filed.

Defendant Federal National Home Mortgage Association, while represented by attorney Powell, previously filed a motion requesting an extension of the time for filing a response to Plaintiff's Complaint (Doc. 4), which was denied without prejudice for failure to comply with Local Rule 3.01(g).   Doc. 5.   Because Defendant's second motion again fails to comply with this Local Rule, the motion again will be denied without prejudice.

III.    Conclusion

For the foregoing reasons, Plaintiff's motions for default and default judgment will be denied and Defendant Bank of America, N.A.'s motion to quash will be granted.   Additionally, because Defendant Federal National Home Mortgage Association's second motion for extension fails to comply with Local Rule 3.01(g), the motion again will be denied without prejudice.

ACCORDINGLY, it is hereby

**ORDERED:**

1.    Plaintiff's Affidavit and Motion for Default against Defendant Federal Home Mortgage Association (Doc. 15) is **DENIED**.

2.    Plaintiff's Affidavit and Motion for Default Judgment against Defendant Bank of America (Doc. 16) is **DENIED**.

3.    Defendant, Federal National Mortgage Association's Motion for Extension of Time to Respond [to] Complaint and to Substitute Counsel (Doc. 22) is **DENIED without prejudice**.

4.      Defendant Bank of America, N.A.'s Motion to Quash Service of Process (Doc. 25) is **GRANTED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 25th day of February, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:

*Pro se* Plaintiff
Counsel of record