UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PATRICK LORNE FARRELL,

          Plaintiff,

v.                              Case No: 2:15-cv-20-FtM-29CM

FEDERAL NATIONAL MORTGAGE
ASSOCIATION,      BANK      OF
AMERICA, previously known as
Countrywide,    IMPAC  FUNDING,
WELLS FARGO BANK NA, OCWEN
LOAN   SERVICING,   previously
known   as   GMACM,   PINNACLE
FINANCIAL,            ROBERTSON
ANSCHUTZ,    CHRISTIAN    W.
HANCOCK, MONICA WILSON, and
NATHAN SCHWARTZ,

          Defendants.

_____

## OPINION AND ORDER

     This matter comes before the Court on review of defendants

Impac Funding, Wells Fargo Bank, N.A., Ocwen Loan Servicing,

Christian Hancock, and Monica Wilson's Joint Motion to Dismiss

(Doc. #11) filed on January 22, 2015, and Federal National Mortgage

Association's Motion to Dismiss Plaintiff's Complaint (Doc. #28)

filed on April 2, 2015.  No responses have been filed to either

motion, and the time to respond has expired.  For the reasons

stated below, the motions are due to be granted with leave to

amend.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011)(citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely

consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted).   Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."   Iqbal, 556 U.S. at 679.

## II.

Liberally construing[1] and taking all the allegations as true, the Complaint and Request for Declaratory Judgment (Doc. #2) alleges that plaintiff was the victim of mortgage fraud, appraisal fraud, foreclosure fraud, and contract breaches resulting from an unconscionable loan.   The "RICO complaint" is based on the Final Judgment of Foreclosure entered in the state court in 07-CA-16767, and currently on appeal.   (Id., ¶¶ 2-3.)   Plaintiff alleges an injury date as of April 13, 2011, when the United States Senate published a report regarding the causes of the financial crisis,

---

[1] This is not by any means Mr. Farrell's first trip through federal court, and the allegations are somewhat disjointed and rambling.   However, Mr. Farrell is entitled to some deference based on his *pro se* status.   On August 21, 2014, the Court issued an Opinion and Order in Farrell v. GMAC Mortgage, 2:13-cv-140-FTM-29DNF, 2014 WL 4146891 (M.D. Fla. Aug. 21, 2014), dismissing plaintiff's Amended Complaint regarding the same mortgage loan with prejudice as to certain claims, but without prejudice as to the RICO claims.

in asserting his RICO claims.  (Id., ¶¶ 24-25.)  Plaintiff seeks to have his October 2005 mortgage loan, originated by defendants, declared illegal, null, and void based on the fraud perpetrated by defendants during the execution of the mortgage note.  (Id., ¶¶ 33-41, 50, 75-76.)

Plaintiff alleges that defendant financial institutions are an "association-in-fact enterprise" existing for the shared purpose of profiting from mortgage lending, and that defendants originated an inflated mortgage loan by procuring an inflated appraisal to create an illusion of equity in real property to obtain loan approval and to lure secondary market investors to purchase the loan.  (Id., ¶¶ 110-115, 144.)  Plaintiff alleges that the securitized mortgages were all done by wire and then recorded with the county through the mail.  (Id., ¶ 116.)

In Count 1, plaintiff seeks a declaratory judgment against all defendants declaring that his 2005 mortgage loan is illegal and against public policy interests based on defendants racketeering alleged in the subsequent counts.  (Id., ¶¶ 162-167.)  Plaintiff seeks to have the promissory note and mortgage cancelled as null and void based on the inflated value of the real property at the time of the loan in 2005.  (Id., ¶¶ 184-185.)  In Count 2, plaintiff alleges a RICO claim against Pinnacle Financial doing business as Tri-Star Lending, Inc., and Ocwen Loan Servicing and

Wells Fargo as purchasers of plaintiff's note and mortgage. In Count 3, plaintiff incorporates all previous factual allegations and Count 2 against Pinnacle Financial and its undisclosed partners. In Count 4, plaintiff alleges a RICO conspiracy as to the named individuals Christian Hancock, Monica Wilson of Bradley Arant, Nathan Schwartz, and Robertson Anschtuz, without any incorporation of the facts. These defendants are identified in the caption of the Complaint but not listed or described under the heading of "Defendants". (Doc. #2, ¶ 7.) Plaintiff seeks damages as to all counts representing the difference between the inflated value and the actual value of the property as of the date of the closing in 2005, with a multiplier, attorney's fees, and post-judgment interest.

### III.

#### A. Service of Process

The Notice of Removal was filed by Impac Funding, Wells Fargo Bank, N.A., Ocwen Loan Servicing, LLC, Christian W. Hancock, and Monica Wilson (Impac Defendants) and contains the following paragraph:

> Impac Defendants reserve the right to assert any defense to the Complaint, whether pursuant to Fed. R. Civ. P. 8(c), Fed. R. Civ. P. 12, or otherwise, including, but not limited to, the defenses of insufficient process, insufficient service of process, failure to state a claim upon which relief can be

granted, res judicata, or other factual or affirmative defenses.

(Doc. #1, ¶ 14.)  The Impac defendants did file a Joint Motion to Dismiss (Doc. #11) in response to the Complaint (Doc. #2), however no argument is presented with regard to the failure to serve process other than the following footnote:  "The Defendants note that Plaintiff has thus far failed to properly serve the Defendants pursuant to the requirements of Federal Rule of Civil Procedure 4."  (Doc. #11, p. 5 n.5.)  Finding no motion to dismiss for failure to serve timely process, this issue will be deemed waived. Fed. R. Civ. P. 12(h)(1).

Service on defendant Bank of America, N.A. was quashed on February 25, 2015, and there is no evidence that plaintiff attempted service again.  The deadline to serve process has otherwise long expired.  Fed. R. Civ. P. 4(m).  Defendant Federal National Mortgage Association's Motion to Dismiss Plaintiff's Complaint (Doc. #28) does not argue improper service of process, and the Court will assume that this defendant was served, or waived service of process.  The remaining defendants have not appeared and there is no evidence that plaintiff served process on defendants Pinnacle Financial, Robertson Anschutz, and Nathan Schwartz.  Plaintiff will be required to show cause as to these defendants.

**B. Motions to Dismiss**

In his Affidavit and Motion to Strike-Notice of Fraud Upon the Court, Motion to Reserve Ruling, plaintiff asks that the Court "grant leave to amend if need be." (Doc. #17, p. 2.)  No separate motion to amend has been filed, and no formal responses were filed to defendants' motions to dismiss.  The Court will consider the motions as to the defendants who have appeared and filed motions, and whether an amendment would be appropriate.

*Shotgun Pleading*

"The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002).  The Eleventh Circuit has consistently frowned upon shotgun pleadings such as the one presented herein, and shotgun pleadings "exact an intolerable toll on the trial court's docket." Cramer v. Florida, 117 F.3d 1258, 1263 (11th Cir. 1997). See also Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 979 n.54 (11th Cir. 2008) (collecting cases).  Accordingly, the Eleventh Circuit has established that when faced with a shotgun pleading, a district court should require the parties to file an amended pleading rather

than allow such a case to proceed to trial.  Byrne v. Nezhat, 261 F.3d 1075, 1130 (11th Cir. 2001).

Counts 1 and 2 of the Complaint (Doc. #2) incorporate all factual allegations, and Count 3 incorporates all factual allegations and Count 2.  Count 4 incorporates no facts or counts. Incorporating all factual allegations, or incorporating another count into a subsequent count, renders the pleading meaningless and fails to provide a short, plain statement.  The Complaint will be dismissed as a shotgun pleading, without prejudice to replead. Wagner v. First Horizon Pharm. Corp., 464 F.3d 1273, 1280 (11th Cir. 2006) ("the proper remedy was to order repleading").

*Failure to State a Claim*

Plaintiff's claims are all based on the Racketeer Influenced and Corrupt Organizations Act or "RICO".  RICO claims must be pled with particularity pursuant to Fed. R. Civ. P. 9(b).  "To satisfy the Rule 9(b) standard, RICO complaints must allege: (1) the precise statements, documents, or misrepresentations made; (2) the time and place of and person responsible for the statement; (3) the content and manner in which the statements misled the Plaintiffs; and (4) what the Defendants gained by the alleged fraud."  Ambrosia Coal & Constr. Co. v. Pages Morales, 482 F.3d 1309, 1316-17 (11th Cir. 2007) (citing Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1380-81 (11th Cir. 1997)).

RICO makes it unlawful "for any person employed by or associated with any enterprise engaged in, or the activities of which affect interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity. . . ." 18 U.S.C. § 1962(c).  To establish a claim, plaintiff must show conduct, of an enterprise, through a pattern, of racketeering activity, and also show an injury to business or property "by reason of" the RICO violation.  Williams v. Mohawk Indus., Inc., 465 F.3d 1277, 1282 (11th Cir. 2006).  To show a pattern of racketeering activity, plaintiff must establish at least two distinct but related acts of racketeering activity.  Williams, 465 F.3d at 1283.  The RICO Act defines "racketeering activity" comprehensively in 18 U.S.C. § 1961(1) to include a variety of enumerated criminal offenses.  In this case, plaintiff alleges mail fraud (18 U.S.C. § 1341), wire fraud (18 U.S.C. § 1343), and/or financial institution fraud (18 U.S.C. § 1344).

The Court previously summarized a RICO conspiracy claim as follows:

> Section 1962(d) of the RICO Act makes it unlawful to conspire to violate any of the provisions under the other subsections, including Section 1962(c). Under Section 1962(c) of the RICO Act, it is unlawful "for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or

> participate, directly or indirectly, in the
> conduct of such enterprise's affairs through
> a pattern of racketeering activity." 18
> U.S.C. § 1962(c). A civil RICO conspiracy
> claim requires the commission of an overt act
> in furtherance of the conspiracy. Beck v.
> Prupis, 162 F.3d 1090, 1098 (11th Cir. 1998)
> (citing Bivens Gardens Office Bldg., Inc. v.
> Barnett Bank of Fla., Inc., 906 F.2d 1546,
> 1550 n.7 (11th Cir. 1990)). "A plaintiff can
> establish a RICO conspiracy claim in one of
> two ways: (1) by showing that the defendant
> agreed to the overall objective of the
> conspiracy; or (2) by showing that the
> defendant agreed to commit two predicate
> acts." Am. Dental Ass'n v. Cigna Corp., 605
> F.3d 1283, 1293 (11th Cir. 2010) (citations
> and quotation marks omitted).

Farrell v. GMAC Mortgage, No. 2:13-CV-140-FTM-29, 2014 WL 4146891,

at *4 (M.D. Fla. Aug. 21, 2014).

There are no specific statements as to the Federal National

Mortgage Association ("Fannie Mae"). The Court finds the

allegations of general involvement in a RICO enterprise are

insufficient to provide notice of the claims against Fannie Mae,

or to meet the heightened requirements of Rule 9. Plaintiff does

not identify any specific conduct of Fannie Mae in the enterprise

other than as a co-conspirator, and there is no indication that

Fannie Mae had an interest in the underlying state court litigation

regarding plaintiff's property. Therefore, the motion will be

granted and this defendant will be dismissed.

As to the Impac defendants, plaintiff has alleged an

enterprise, an injury to his property, and the necessary predicate

acts, but plaintiff fails to allege with any particularity what role each defendant played, the specific conduct attributable to each defendant that caused injury, how the allegations against Pinnacle Financial d/b/a as Tri-Star Lending, Inc. transfer to Wells Fargo or Ocwen Loan Servicing, LLC, or how any of the individual defendants played a role in the pattern of activity.

The RICO conspiracy count alleges that Monica Wilson and Nathan Schwartz argued the summary judgment motion in state court, and the presiding state court judge granted summary judgment on April 30, 2014. Defendants Monica Wilson, Nathan Schwartz, and Christian Hancock relied on a fraudulent assignment of mortgage that was filed 1 year after Impac went out of business on January 31, 2008. On March 24, 2009, Wells Fargo obtained summary judgment that was vacated by Monica Wilson and Christian Hancock in November 2010, due to the fraudulent assignment. On November 19, 2014, the Consumer Financial Protection Bureau drafted an Amendment to certain mortgage regulations. Plaintiff alleges that since Ocwen Loan Servicing never confirmed its ownership interest and defendants Bradley-Arant and Robertson Anschutz through their agents, violated RICO by trying to collect on an unlawful debt. The Court cannot determine what agreement was reached as part of the conspiracy, or what overt act was committed by a particular defendant. Additionally, if the named individuals are in fact

counsel from the state court case, it is unclear how plaintiff could assert a claim that would not be barred by some litigation privilege or immunity.  The motion to dismiss will be granted, with leave to amend.

Accordingly, it is now

**ORDERED:**

1.  Defendants Impac Funding, Wells Fargo Bank, N.A., Ocwen Loan Servicing, Christian Hancock, Monica Wilson, and Federal National Mortgage Association are deemed to have waived formal service of process.

2.  Defendants Impac Funding, Wells Fargo Bank, N.A., Ocwen Loan Servicing, Christian Hancock, and Monica Wilson's Joint Motion to Dismiss (Doc. #11) and defendant Federal National Mortgage Association's Motion to Dismiss Plaintiff's Complaint (Doc. #28) are **GRANTED.**  The Complaint is dismissed without prejudice to plaintiff filing an Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order.  If no Amended Complaint is filed, the Court will deem the dismissal to be with prejudice as to all counts and enter judgment.  No further amendments will be permitted thereafter.

3.  Plaintiff shall show cause within **FOURTEEN (14) DAYS** of this Order for failure to execute service of process on

the remaining defendants, or indicate that they will not be named in the Amended Complaint.  The failure to show good cause will result in the dismissal of defendants Pinnacle Financial d/b/a Tri-Star Lending, Robertson Anschutz, and Nathan Schwartz without prejudice and without further notice.

4. The requirement to confer and file a Case Management Report is suspended until **THIRTY (30) DAYS** after the date of the first answer filed.

**DONE AND ORDERED** at Fort Myers, Florida, this ___25th___ day of September, 2015.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Plaintiff
Counsel of record